# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 5:15-cv-123-FDW

| | |
|---|---|
| MATTHEW JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

### I. BACKGROUND

Pro se Plaintiff Matthew Johnson is a federal prisoner currently incarcerated at Berlin Federal Correctional Institution in Berlin, New Hampshire. On November 8, 2006, Plaintiff was convicted in this Court of possession with intent to distribute cocaine, using and carrying a firearm during and in relation to a drug trafficking crime, and possession of a firearm in and affecting interstate commerce by an alien unlawfully in the United States. (Crim. Case No. 5:05-cr-65-1-RLV, Doc. No. 68: Judgment). Plaintiff filed this action on September 28, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons and entities as Defendants: (1) the State of North Carolina; (2) the North Carolina Attorney General's Office; (3) Iredell County; (4) Iredell County District Attorney; (5) Iredell County Sheriff's Department; (6) William Byrd, identified as a Sergeant with the Iredell County Sheriff's Department; and (7) Clarence Harris,

identified as a Detective with the Iredell County Sheriff's Department. Plaintiff alleges the following in the Complaint:

> On November 18, 2004, the plaintiff was arrested by members of the Iredell County Sheriff Department where he remained until November 24, 2004, after which he was transferred to Charlotte Mecklenburg County Jail. This is a civil rights complaint based on the negligen[ce] of all the Defendants who violated the plaintiff's Civil Rights, Human Rights, Constitutional Rights and International Laws and Treaty Ratified by the United States of America.
> On November 18, 2004, Plaintiff was arrested by the Iredell County Sheriff's Department. At no time during this arrest or thereafter was I informed, advised, or notifie[d] of my rights under "Article 36," Treaty of the Vienna Convention on Consular relation, which is to be given to all Foreign Nationals who [have] been arrested on criminal violation to access his/her Consular office, which is required under the Vienna Convention.
> Plaintiff was not informed of his Rights under the Vienna Convention even though the defendants knew that the Plaintiff was a Jamaican Citizen. It was those Law Enforcement officers['] obligation to inform Plaintiff under Article 36 on Consular Relation and access in Federal Treaty Regulation 50.5 that he/she must be advised of such notification by Law Enforcement. His/her Consular must be notified regardless of his/her wishes. Plaintiff have yet to be notified. The Defendants were aware of Plaintiff's Nationality within twenty-four (24) hours of his arrest.

(Doc. No. 1 at 1-2).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

As his sole claim, Plaintiff alleges that Defendants failed to notify him of his right to consular access under Article 36(1)(b) of the Vienna Convention, which requires that when a national of one country is detained by authorities in another country, the authorities must notify the consular officers of the detainee's home country if the detainee so requests. Article 36(1)(b), Vienna Convention on Consular Relations, Apr. 24, 1963, [1970] 21 U.S.T. 77, 101, T.I.A.S. No. 6820. Article 36(1)(b) further states that the detainee shall be informed of his rights under the Convention without delay. Id.

Plaintiff was initially arrested by state authorities on November 18, 2004, and he was convicted in this Court on November 8, 2006. Plaintiff filed this action on September 28, 2015. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts look to the comparable statute of limitations from the relevant state. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Here, Plaintiff's claim is similar to a claim for personal injury in North Carolina, for which there is a three-year statute of limitations. See N.C. GEN. STAT. § 1-52(16). Accord McPherson v. United States, 392 F. App'x 938, 944 (3d Cir. 2010) (claim alleging failure to notify the plaintiff of his rights under Article 36 of the Vienna Convention was subject to the state statute of limitations for personal injury actions, and the statute of limitations bar was clear from the face of the complaint); Taylor v. City of Farmville, No. 1:09cv963, 2011 WL 9374264, at *1 (E.D. Va. May 3, 2011) (same). This Court finds, therefore, that the applicable statute of limitations for Plaintiff's claim is three years.

Although the statutory limitations period for § 1983 actions is borrowed from state law, "[t]he time of accrual of a civil rights action is a question of federal law." Cox v. Stanton, 529

F.2d 47, 50 (4th Cir. 1975). "Federal law holds that the time of accrual is when plaintiff knows or has reason to know of the injury which is the basis of the action." Id.; see Urie v. Thompson, 337 U.S. 163, 170 (1949) (noting that "statutes of limitations . . . conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights"); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that the statute of limitations "does not begin to run until the plaintiff discovers, or by the exercise of due diligence should have discovered, the facts forming the basis of his cause of action").

Plaintiff's claim accrued at least as early as the date of his arrest on November 18, 2004, when Defendants allegedly failed to notify Plaintiff of his right to consular access, and at the latest on November 8, 2006, the date of Plaintiff's conviction. Plaintiff did not file this action until September 28, 2015; thus, Plaintiff's claim is clearly time-barred. See Jones v. Bock, 549 U.S. 199, 215 (2007) (noting that in an initial review under § 1915(e) of the PLRA, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

In his Complaint, Plaintiff alleges that this action is not time-barred because he was not aware until August 2015 that the Jamaican Embassy was not notified of his 2004 arrest. However, Plaintiff would have been on notice as of the date of his arrest, and on the date of his conviction at the latest, that he was not notified of his rights under the Vienna Convention. Accord Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997) ("The legal basis for the Vienna Convention claim could, as noted above, have been discovered upon a reasonably diligent investigation by [petitioner's] attorney, and the factual predicate for that claim—that [petitioner] is a citizen of Mexico—was obviously within [petitioner's] knowledge."). Moreover, to the extent that Plaintiff argues that this Court should apply equitable tolling, the Court notes that

Plaintiff has had almost nine years in which to raise his claim, and he failed to do so until now. Therefore, equitable tolling is not appropriate.

Finally, the Court further notes that, even if Plaintiff's claim were not time-barred, it is questionable as to whether the Vienna Convention confers individually enforceable rights on a criminal defendant. The Supreme Court has expressly declined to determine whether Article 36 of the Vienna Convention creates individual rights that are enforceable in domestic courts. See Medellin v. Texas, 552 U.S. 491, 506 n.4 (2008) ("[W]e thus assume, without deciding, that Article 36 grants foreign nationals an individually enforceable right to request that their consular officers be notified of their detention, and an accompanying right to be informed by authorities of the availability of consular notification.") (internal quotation marks and citation omitted); see also Sanchez-Llamas v. Oregon, 548 U.S. 331, 343 (2006) (declining "to resolve the question whether the Vienna Convention grants individuals enforceable rights"). The Fourth Circuit has expressed, albeit in dicta, skepticism as to whether Article 36 confers individual rights. United States v. Al-Hamdi, 356 F.3d 564, 574 n.13 (4th Cir. 2004) (opining that it is "far from clear" whether the Vienna Convention creates individual rights for violations of consular notification). Furthermore, almost every other circuit that has addressed the issue has held that the Vienna Convention does not create enforceable individual rights. See Gandara v. Bennett, 528 F.3d 823, 829 (11th Cir. 2008) ("[T]he Vienna Convention does not confer enforceable individual rights."); Cornejo v. County of San Diego, 504 F.3d 853, 863 (9th Cir. 2007) (same); United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001) (same); and United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001) (same); but see Jogi v. Voges, 480 F.3d 822, 831-35 (7th Cir. 2007) (holding that the plaintiff could pursue his Vienna Convention consular notification claim through a § 1983 action). In any event, regardless of whether Plaintiff may bring an individual

action to recover for a violation of Article 36, his claim is clearly time-barred.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's In Forma Pauperis Application, (Doc. No. 2), is **GRANTED**, for the limited purpose of this review.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**.

3. The Clerk is respectfully instructed to terminate this action.

Signed: October 1, 2015

Frank D. Whitney
Chief United States District Judge